UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

RAMIRO LOPEZ IMITALO,
                       Defendant.

03-CR-294 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Defendant Ramiro Lopez-Imitalo is serving a 40-year sentence for heroin trafficking offenses, imposed by Judge Robert P. Patterson Jr. in 2006.  Proceeding *pro se*, Defendant has filed a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), arguing that the risks created by the COVID-19 pandemic justify his immediate release.  The Court has reviewed the parties' written submissions on Defendant's motion, which the Government has opposed.  (*See* Dkt. Nos. 172, 174.)

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020).  A district court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

The Court agrees with the Government that the Court lacks statutory authority to grant Defendant's motion at the present time due to the statute's explicit exhaustion requirement.  As a legal matter, the Court finds persuasive the analyses by Judge Furman in *United States v. Roberts*, No. 18 Cr. 528, 20 WL 1700032, at *2–*3 (S.D.N.Y. April 8, 2020), and Judge Sullivan in *United States v. Ogarro*, No. 18 Cr. 373, 20 WL 1876300, at *2–*5 (S.D.N.Y. April 14, 2020).

Defendant concedes that he has not exhausted his administrative remedies with the Bureau of Prisons.  (*See* Dkt. No. 172 at 9-10.)  He does not allege that he has submitted a request for compassionate release with the BOP.  Had he submitted such a request, this Court could consider Defendant's motion after 30 days.  However, absent such a request to the BOP, this Court lacks statutory authority to grant relief under § 3582(c)(1)(a)(i).

Accordingly, Defendant's motion for compassionate release is denied without prejudice.

The Government is directed to serve a copy of this order on Defendant by mail.

SO ORDERED.

Dated: June 12, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge